IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RELION, INC., a Washington            )
corporation,                         )
                                     )
            Plaintiff,               )   Case No. CV06-607-HU
                                     )
        vs.                          )   OPINION AND ORDER
                                     )
HYDRA FUEL CELL CORPORATION, a       )
Nevada corporation,                  )
                                     )
            Defendant.               )
_____)

Scott D. Eads
Perkins Coie
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209

Breton A. Bocchieri
Thomas A. Douvan
Thelen Reid Brown Raysman & Steiner
333 South Hope Street, Suite 2900
Los Angeles, California 90071
        Attorneys for plaintiff

Renee E. Rothauge
Laura Caldera Taylor
Bullivant Houser Bailey
888 S.W. Fifth Avenue, Suite 888
Portland, Oregon 97204
        Attorneys for defendant

HUBEL, Magistrate Judge:

The matter before the court is plaintiff ReliOn's request for $85,370.50 in attorney's fees, pursuant to the court's decision on June 12, 2007, to award attorney fees as a discovery sanction against defendant Hydra. The amount requested includes $79,054.50 for ReliOn's lead counsel, Thelen Reid Brown Raysman & Steiner, and $6,316 for local counsel, Perkins Coie.

## Procedural Background

On December 19, 2006, ReliOn filed a Motion to Compel (doc. #33). Hydra did not file an opposition and stipulated to an Order compelling production, except as to patent applications. Oral argument on the discoverability of Hydra's patent applications was held on January 26, 2007 (doc. #41). ReliOn filed supplemental briefing on that issue January 31, 2007 (doc. #42). ReliOn filed a Motion for Contempt on April 6, 2007, asking the court to strike Hydra's answer and enter a default in ReliOn's favor. The court declined to enter terminating sanctions, but awarded ReliOn attorney's fees as a discovery sanction.

At a hearing on June 12, 2007, the court explained that the sanction to be imposed was attorney's fees that were attributable

to ReliOn's efforts to obtain documents ordered produced in the court's order entered February 15, 2007, nunc pro tunc January 26, 2007.

## Standard

The district court must exercise its inherent authority to assure that attorney's fees are fair and proper, independently of any objection. <u>Zucker v. Occidental Petroleum Corp.</u>, 192 F.3d 1323, 1328-29 (9th Cir. 1999); <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1401 (9th Cir. 1993)(court required to independently review plaintiffs' fee request even absent defense objections); <u>Sealey, Inc. v. Easy Living, Inc.</u>, 743 F.2d 1378, 1385 (9th Cir. 1984)(fee award vacated where it appeared that court "accepted uncritically" plaintiff's representations concerning time expended on case).

Rule 37(c)(1) of the Federal Rules of Civil Procedure authorizes courts to impose sanctions, including payment of reasonable attorney's fees. A determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 563-64 (1986).

Under <u>Welch v. Metropolitan Life</u>, 480 F.3d 942, 946 (9th Cir. 2007), the determination of a reasonable hourly rate is "not made by reference to the rates actually charged the prevailing

party." (Quoting <u>Mendenhall v. National Transp. Safety Bd.</u>, 213
F.3d 464, 471 (9th Cir. 2000). Rather, the determination of a
reasonable rate is made by reference to the fees that private
attorneys of an ability and reputation comparable to those of
prevailing counsel charge their paying clients for legal work of
similar complexity. <u>Welch</u>, 480 F.3d at 946. The rate charged must
be consistent with the prevailing market rate in the relevant
community, i.e., the jurisdiction where the court sits. See,
e.g., <u>Carson v. Billings Police Dep't</u>, 470 F.3d 889, 891 (9th Cir.
2006).

### Discussion

1.  <u>Hourly rates</u>

According to counsel's declarations, the hourly rates of
Thelen Reid Brown Raysman & Steiner lawyers are as follows:

Breton Bocchieri, a partner admitted to practice in 1985,
billed at $525 per hour for calendar year 2006 and $545 for 2007.

Thomas Douvan, of counsel, who graduated from law school in
1985, billed at $375 per hour for 2006 and $395 for 2007.

Brian Kirk, an associate who graduated from law school in
1987, billed at an hourly rate of $375 for 2006 and 2007.

Nguyen Nguyen, an associate who graduated from law school
in 1998, billed at $325 per hour for 2006 and $360 per hour for
2007.

Paralegal Angel Keniksman's billing rate is $235 per hour.

Local counsel Scott Eads, admitted to the bar in 1991, billed at $400 per hour in 2006 and $410 in 2007.

The hourly rates sought by the attorneys and paralegal in this case are significantly higher than the prevailing market rates in Portland, Oregon. According to the Oregon State Bar's 2002 Economic Survey, a Portland lawyer admitted to practice 21-30 years, as Mr. Bocchieri and Mr. Douvan are, billed at a rate of between $227 per hour and $320 per hour, with $320 per hour representing the 95th percentile. A Portland lawyer with 16-20 years of experience, as Mr. Eads has, billed at a range of between $213 and $298, with $298 representing the 95th percentile. A Portland lawyer with 10-12 years of experience, as associate Kirk has, billed at a rate of between $187 and $275, with $275 representing the 95th percentile. A Portland lawyer with 7-9 years of experience, as associate Nguyen has, billed at a rate of between $176 and $225 per hour, with $225 representing the 95th percentile.

Annual rates of inflation in 2003, 2004, 2005, and 2006 were 2.3%, 2.7%, 3.4%, and 3.2%, respectively. See United States Department of Labor Bureau of Labor Statistics, Consumer Price Index, All Urban Consumers (CPI-U). The hourly rates set out in the 2002 survey should therefore be adjusted approximately 125 to account for inflation.

///

2.   Tasks performed

ReliOn seeks approximately $38,000 for the Motion to Compel filed on December 19, 2006, to which the plaintiff stipulated except for the patent applications. The court notes that ReliOn seeks approximately $4,167 for work performed as early as 20 days before Hydra's responses were due; more than $5,000 for work performed before a meet and confer with Hydra's lawyer; $2,205 for a single meet and confer phone call, on which three lawyers sat in; $3,582 for correspondence sent by Mr. Douvan and Mr. Nguyen to Mr. Vergamini, Hydra's former counsel, while ReliOn was pursuing a motion to compel; and $18,025 to draft the Motion to Compel. These amounts are unreasonable. According to counsel's records, the Motion to Compel, which was essentially unopposed, required over 50 hours and three lawyers with over 53 years of combined experience. I note that the memorandum supporting the Motion to Compel was only 10 pages long, with only one page of legal argument. The court awards $2,500.

ReliOn seeks approximately $12,000 for briefing and oral argument on the patent application issue. The court awards $2,000.

ReliOn seeks approximately $9,000 for the supplemental briefing related to production of Hydra's patent applications. The court awards $2,000.

ReliOn seeks compensation for five hours spent by two

lawyers preparing for and attending oral argument on April 11, 2007. The court awards $896 (2.8 hours at $320 per hour).

ReliOn seeks $35,000 for briefing and arguing its Motion for Contempt, seeking terminating sanctions. The court awards zero, as this activity is unrelated to the Motion to Compel.

Local counsel Scott Eads of the firm of Perkins Coie seeks approximately $6,316 in fees. Hydra does not object to $5,756 of this amount, but challenges 1.4 hours of Mr. Eads's time billed before the meet and confer on December 6, 2006.

On the one hand, the court sees no reason to impose additional fees on Hydra based on ReliOn's decision to retain both out of state and local counsel. Given that I'm to award the hours reasonably expended on the tasks, they clearly could reasonably have been accomplished by one firm. On the other hand, Hydra knew from the outset of this litigation that ReliOn had retained lawyers in both California and Oregon, so Hydra could have foreseen that its conduct would necessitate both firms being involved if attorney's fees were awarded as a sanction.

I have decided not to include the fees charged by local counsel in the sanction against Hydra. However, Hydra is cautioned that if it becomes necessary to award attorney fees as a sanction against Hydra on some future occasion, the question of whether fees should be awarded for both out of state and local counsel will be considered anew, and both firms' reasonable fees

will likely be awarded.

The firm of Thelen Reid Brown Raysman & Steiner is awarded the sum of $7,396 as a discovery sanction against Hydra Fuel Cell Corporation.

IT IS SO ORDERED.

DATED this 10th day of October, 2007.


/s/ Dennis James Hubel

        Dennis James Hubel
        United States Magistrate Judge