IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RELION, INC., | ) |
| | ) No. 06-607-HU |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) OPINION AND ORDER |
| | ) |
| HYDRA FUEL CELL CORPORATION, | ) |
| a Nevada corporation, and | ) |
| AMERICAN SECURITY RESOURCES | ) |
| CORPORATION, a Nevada | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

Scott D. Eads
Perkins Coie
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209

Breton A. Bocchieri
Thomas A. Douvan
Thelen Reid Brown Raysman & Steiner
333 South Hope Street, Suite 2900
Los Angeles, California 90071
    Attorneys for plaintiff

Renee E. Rothauge
Laura Caldera Taylor
Bullivant Houser Bailey
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204
    Attorneys for defendant Hydra Fuel Cell Corporation

OPINION AND ORDER PAGE 1

Jeffrey M. Kilmer
Christopher T. Carson
Kilmer, Voorhees & Laurick
732 N.W. 19th Avenue
Portland, Oregon 97209
    Attorneys for defendant American Security Resources Corporation

HUBEL, Magistrate Judge:

The matters before the court are Relion's motion for voluntary dismissal and Hydra's cost bill.

## Motion to dismiss

On June 11, 2008, the court entered an order granting Relion's motion for a voluntary dismissal of its complaint with prejudice and dismissal of Hydra's counterclaims without prejudice (doc. # 203) under certain conditions. (Doc. # 243). The conditions were that Relion 1) file a Third Amended Covenant Not to Sue, with terms as outlined in the June 11, 2008 order; 2) file a declaration that it had refunded the previously paid discovery sanctions of $7,396 to Hydra; and 3) the attorneys retain discovery produced in the case as more fully set out below.

On June 26, 2008, Relion filed the declaration that the discovery sanctions had been refunded, (doc. # 245), and filed the Third Amended Covenant Not to Sue (doc. # 246). On June 27, 2008, Hydra filed a request for clarification of the scope of Relion's Third Amended Covenant Not to Sue (doc. # 248). Relion filed a response to the request on August 14, 2008 (doc. # 262).

The court interprets Relion's Third Amended Covenant Not to Sue as follows: that Relion agrees not to sue either defendant Hydra Fuel Cell Corporation or defendant American Security

OPINION AND ORDER PAGE 2

Resources Corporation, for infringement of United States Patent No. 6,38,556 (the '556 Patent) under Title 35 of the United States Code, for all possible constructions of each and every claim of the '556 Patent, based on any past, present or future actions taken by Defendants or either of them that were revealed in discovery in this case through May 6, 2008.

Relion's motion to dismiss its complaint with prejudice is granted based on this interpretation of the Third Amended Covenant Not to Sue.

Costs

Under 28 U.S.C. § 1920, a federal court is authorized to tax specific items as costs against a losing party pursuant to Rule 54(d)(1).

Hydra has requested costs in the amount of $20,977.55. Of this total, $19,119.11 represents copying costs. Relion objects to the request for copying costs in its entirety, asserting Hydra has not shown that any of its claimed "fees for exemplification and copies of papers" were "reasonable and necessary for effective and competent representation." *Quoting* Robins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1035 (D. Or. 1996); *see also* Frederick v. City of Portland, 162 F.R.D. 139, 144 (D. Or. 1995).

Hydra has submitted a "Summary Statement of Costs" showing the vendor and the amount charged. Declaration of Laura Caldera Taylor in Support of Hydra's Bill of Costs, Exhibit 1 (Taylor Declaration). The first item on the statement shows $6,310.60 for "in-house copying costs." Id.

OPINION AND ORDER PAGE 3

Section 1920 does not contemplate an award of costs incurred for in-house copying expenses. <u>Acumed LLC v. Stryker Corp.</u>, 2006 WL 3410152 at *4 (D. Or. Sept. 12, 2006), *citing* <u>Frederick</u>, 162 F.R.D. at 142.

Extra copies of documents for deposition and witness preparation, and copies of filed papers, correspondence, and cases are copies prepared for the convenience of attorneys and are not taxable. <u>Acumed</u> at *4; <u>Frederick</u>, 162 F.R.D. at 144. In contrast, charges for copies of exhibits, documents submitted to the court in support of motions, copies of pleadings, and charges attributable to discovery can be awarded. <u>Acumed</u> at *4.

While the cost of copying documents produced to the opposing party are routinely charged to counsel requesting the documents and the cost of service copies of pleadings might be recoverable, Hydra provides no breakdown between these costs and those for in-house use. Hydra has therefore not provided sufficient information about its copying costs to enable the court to determine which in-house costs represent costs that are taxable. The court disallows the request for $6,310.60 in-house copying costs.

The last item on the summary shows $10,487.25 paid to "The Litigation Document Group of Spokane." Taylor Declaration, Exhibit 1, p. 2. With its opposition to Hydra's cost bill, Relion has submitted the Declaration of George Grigel, an attorney at Wells St. John in Spokane, Washington, patent counsel for Relion. Declaration of George Grigel in Opposition (Grigel Declaration). Mr. Grigel states that Wells St. John was responsible for preparing

OPINION AND ORDER PAGE 4

Relion's document production to Hydra in Spokane in October 2007. Grigel Declaration ¶ 2. According to the Grigel declaration, Relion produced to Hydra 200,000 documents comprising over 40 linear feet of shelf space. Id. at ¶ 3. Mr. Grigel states that at the inspection, he pointed out to Hydra's counsel the three patent application files, less than 20,000 pages, that were relevant to Relion's '556 Patent and the previously issued patents from which the '556 Patent claimed priority. Id. at ¶ 4. Mr. Grigel says he also told Hydra's counsel that the rest of the remaining files were "not at all relevant to the issues in the litigation." Id.

Mr. Grigel states that he offered to have Wells St. John copy the three patent files, and any other documents that Hydra's counsel identified, at no charge to Hydra. Id. at ¶ 5. Nevertheless, Hydra's counsel had a copy service remove the 40 feet of files offsite for copying in Spokane, which resulted in over 200,000 pages being copied. Mr. Grigel asserts that these documents were not relevant to the litigation. Id. at ¶ 6.

Ms. Taylor states in the Reply Declaration of Laura Caldera Taylor (Taylor Reply Declaration) that Relion refused to make its documents available for inspection and copying in Oregon, even though Relion had insisted that Hydra's discovery be transmitted to its counsel's office in Los Angeles. Reply Declaration ¶ 3 and Exhibit 1, p. 3. She states further that before Hydra was permitted to inspect the documents in Spokane, Mr. Grigel insisted that Hydra provide him with copies of any documents it chose to copy. Id. at ¶ 3. The record in this case is filled with examples of poor

OPINION AND ORDER PAGE 5

cooperation and a lack of trust between counsel. Discovery disputes consumed the court's time all too frequently. Under these circumstances, Hydra will be allowed costs in the amount of $10,487.25 for copying services in Spokane.

The record does not reveal the purpose of the remainder of the copying charges requested: the summary shows only the vendor and the amount charged. These costs will not be allowed.

Hydra requests costs totaling $1,030.24 paid to court reporters for copies of hearing transcripts, and costs for deposition transcripts totaling $390.95 without identifying the witnesses deposed.

Section 1920(2) provides for the taxation of fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. The $1,030.24 paid to court reporters for copies of hearing transcripts is allowed as a cost.

Costs related to depositions are generally available to the prevailing party. Acumed at *4, *citing* Wash. State Dep't of Transp. v. Wash. Natural Gas Co., 59 F.3d 793, 806 (9th Cir. 1995). A deposition need not be absolutely indispensable to justify an award of costs, but must be "reasonably necessary at the time it was taken." Acumed at *4, citing Frederick, 162 F.R.D. at 143. The court is unable to ascertain whether the depositions were reasonably necessary at the time they were taken because the evidence proffered by Hydra does not indicate who was deposed, when, or why. See also Robins, F. Supp. at 1035 (allowance of costs

OPINION AND ORDER PAGE 6

for depositions not used at trial not an abuse of discretion "so long as the court determines that the depositions were 'necessarily obtained.'") Accordingly, these costs will not be allowed.

Hydra requests the sum of $437.25 for a videotaped deposition. Hydra has proffered no evidence from which the court could determine who was deposed, when, or why. Likewise, the court cannot tell if this is a request for a video of a deposition for which there is also a written transcript. Consequently the court is unable to determine whether the deposition was necessary at the time it was taken. This cost will not be allowed.

## Conclusion

Relion's motion to dismiss its claims with prejudice and to dismiss Hydra's counterclaims without prejudice (doc. # 203) is GRANTED. The law firms of Thelen Reid Brown Raysman & Steiner, and Bullivant Houser Bailey are ordered to retain complete copies of all discovery indefinitely.

Hydra is awarded its costs in the amount of $11,517.49.

Relion objects to Hydra's filing of the Reply Declaration of Laura Caldera Taylor in Support of Hydra's Cost Bill (doc. #259) one day late, and asks the court to disregard this declaration. (Doc. # 261). The objection is OVERRULED and the request to disregard the declaration is DENIED. Relion further requests that the court disregard the Supplemental Declaration of Laura Caldera Taylor in Support of Hydra's Cost Bill filed on August 11, 2008 (doc. # 260), filed 18 days late, without having requested leave of the court. While the declaration is late and no satisfactory

OPINION AND ORDER PAGE 7

explanation was given, I decline to strike the declaration because considering it does not change the result on the award of costs. The request is therefore DENIED.

IT IS SO ORDERED.

Dated this 14th day of August, 2008.

/s/ Dennis James Hubel

Dennis James Hubel
United States Magistrate Judge

OPINION AND ORDER PAGE 8